[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition for habeas corpus relief from allegedly unlawful confinement resulting from the petitioner's judgment of conviction, after a jury trial, for murder, conspiracy to commit murder, and assault first degree, upon which judgment the petitioner received a total, effective sentence of eighty years to serve. As the basis for this petition, the petitioner asserts that his trial counsel rendered ineffective assistance.
Before and throughout his criminal trial, the petitioner was represented by Attorney Michael J. Dodson Dodson's office retained a private investigator service to assist in the preparation of the case for trial. On Dodson's behalf a private detective interviewed two potential witnesses, Nadine Collier and Regina Tillis a few months after the incident. These interviews were tape recorded and transcribed (Petitioner's Exhibits B, C, and D). CT Page 2939
During her interview, Collier acknowledged knowing the petitioner but claimed she was unable to identify him as one of two persons she had seen fleeing through her backyard and from the site of the shooting. In Tillis' interview, she stated that she saw one person, carrying a firearm, fleeing the scene shortly after the shooting. She tentatively identified the petitioner's co-accused, Tracey Fisher, as this person.
At the petitioner's criminal trial, Collier testified that she could, indeed, identify the petitioner and Fisher as the two, persons she had observed in her backyard (Petitioner's Exhibit A, pp. 209 and 209). Attorney Dodson vigorously cross-examined Collier using her previous statement to his investigator to attack her credibility. (Petitioner's Exhibit A, pp. 316 through 222 and 225). He pointed out each and every discrepancy between her testimony at trial and her previous statement. On redirect examination, the prosecution was permitted, over defense counsel's objection, to rehabilitate Collier by questioning her regarding threats she received and so as to show that these threats made her reluctant to identify anyone at the time her statement was given to the private investigator. (petitioner's Exhibit A, pp. 223 through 225). Attorney Dodson made no request that the trial judge caution the jury that Collier's testimony regarding threats to her could only be considered for the limited purpose of explaining her inconsistent statements and not as evidence of the petitioner's guilt.
Tillis' testimony at trial was substantially consistent with her previous statement (Petitioner's Exhibit A, pp. 230 through 260). So consistent was it that the prosecution attempted, unsuccessfully, to introduce Tillis' entire statement to the defense investigator into evidence (Petitioner's Exhibit A, p. 251).
The claims of the petitioner's amended petition can be condensed to two, viz. that Dodson was ineffective by failing to press for substantive use of these witnesses' previous statements under State v. Whelan, 200 Conn. 743 (1986); and ineffective by failing to request a limiting instruction regarding Collier's testimony about threats.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims, Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both CT Page 2940 that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different, Id.
If it is easier to dispose of a claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance, Pelletier v. Warden, 32 Conn. App. 38,46 (1993). Because the court concludes that an examination of the prejudice component of the Strickland test is dispositive, the court proceeds to address that issue directly. To satisfy this component of the Strickland test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636, 640 (1985). A reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner, 222 Conn. 444, 454 (1992).
In the present case the court finds that the petitioner has failed to prove that the absence of an instruction to the jury that the jury could consider Collier's previous statement substantively, as well as to, ascertain credibility, played any role in the jury's determination of the petitioner's guilt. If the jury had found that Collier's credibility with respect to her identification of the petitioner was undermined by her previous noninculpatory statement, it could have acquitted the petitioner on that basis. Apparently, the jury found that Collier's testimony, and her explanation as to why she was reluctant to tell the private investigator the truth, survived the attack fueled by the existence of a prior inconsistent statement. The petitioner had no burden of proof at his criminal trial as to this issue so that any contribution to the defense case arising from the substantive use of Collier's previous statements appears nugatory. If the petitioner had the burden of proof to negate his presence near the crime scene, the petitioner's argument might have more merit. But even under that scenario, the jury's apparent acceptance of Collier's in court version of events militates against finding he was prejudiced by his counsel's failure to seek a Whelan instruction.
The same reasoning applies to Tillis' statement. In any event Tillis' statement was materially consistent with her testimony, and was of little assistance to the defense. CT Page 2941
The court also finds that the petitioner has failed to demonstrate that the absence of a cautionary instruction limiting the jury's use of Collier's testimony pertaining to threats toward her probably resulted in the jury's misuse of that testimony. Our Supreme Court observed in the petitioner's direct appeal that the possibility "that the jury might be inclined to consider the threats as evidence . . . guilt, `was' an eventuality we consider highly unlikely," State v. Walker, supra, 131. This court agrees. It is pure speculation to suppose that the jury regarded this testimony as evidence of anything other than as an explanation for Collier's initial reluctance to identify the persons she observed fleeing the crime scene. The testimony arose on redirect in the context of reconciling the testimony in court with that given to the investigator.
The court concludes there exists no probability sufficient to undermine confidence in the verdict. The petition is dismissed.
Sferrazza, J.